IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE CEDILLO § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| NATIONWIDE GENERAL INSURANCE § | | CIVIL ACTION NO. 7:16-cv-230 |
| COMPANY, § | | |
|     *Defendant*. § | | |
| § | | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above captioned action, Cause No. C-1329-16-A; *Jose Cedillo v. Nationwide General Insurance Company;* In the 92nd Judicial District Court, Hidalgo County, Texas.

## BACKGROUND

1.  Plaintiff Jose Cedillo ("Plaintiff") initiated the present action by filing his Original Petition in Cause No. C-1329-16-A, in the 92nd Judicial District Court, Hidalgo County, Texas, on March 23, 2016 (the "State Court Action").[1]

2.  Plaintiff's Original Petition was served on Defendant through its registered agent, Corporation Service Company, on May 5, 2016.[2]

3.  Defendant filed its Original Answer on May 11, 2016, asserting a general denial to all claims and allegations made in Plaintiff's Original Petition.[3]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit A**.

[2] *See* **Exhibit A**.

[3] *See* Defendant's Original Answer, attached as **Exhibit B**.

4. Pursuant to 28 USC § 1446(a) and Local Rule 81, all required process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 92nd Judicial District Court of Hidalgo County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II. DIVERSITY JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

8. Plaintiff is domiciled in Hidalgo County, Texas. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9. Defendant is organized under the laws of the state of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

11.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief of $100,000 or less…."[4]  Such statement is provided in compliance with Texas Rule of Civil Procedure 47, and may be amended liberally under Rule 63.

12.     Prior to filing suit, Plaintiff sent Defendant a "Demand For Relief Under the Texas Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code" in which Plaintiff claimed to have suffered $24,919.72 in economic damages, $1,245.99 in mental anguish damages and $8,223.21 in attorney's fees.[5]  Plaintiff claimed that Defendant had commited "knowing" violations of the Texas DTPA and Insurance Code "sufficient to allow the imposition of treble damages up to 3 times economic damages…." Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[6]  The total amount in controversy presented by Plaintiff's demand is three-times Plaintiff's economic damages plus mental anguish and attorney's fees, or $84,228.36.

13.     In his Original Petition, Plaintiff asserts causes of action against Defendant for breach of contract, violation of the Texas DTPA, unfair insurance practices, bad faith, and violation of the Texas Insurance Code (chapters 541 and 542).[7]  Like in his demand letter, Plaintiff's Original Petition contains allegations, under the DTPA cause of action, that "the conduct of DEFENDANT as (sic) more than just a mistake and was done 'knowingly' and/or 'intentionally' as that term is derived

---

[4]  *See* Plaintiff's Original Petition, **Exhibit A**, ¶ IV.

[5]  *See* Plaintiff's Demand For Relief Under the Texas Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code, p. 4, attached as **Exhibit C**.

[6]  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[7]  *See* **Exhibit A,** ¶¶ VII – XII.

by statue."[8]  As such, Plaintiff "seeks an award under the DTPA for economic damages *and all other available damages as a result of Defendant's conduct*."[9]  Plaintiff's unfair insurance practices cause of action contains similar allegations that Defendant acted intentionally and knowingly. Plaintiff pleads for relief under Sec. 17.50(a)(4) of the Texas Business and Commerce Code, which provides that the trier of fact may award up to three times the amount of damages for mental anguish and economic damages if they find that the conduct of Defendant was committed knowingly and/or intentionally.

14. Plaintiff's common law bad faith claim could entitle Plaintiff to exemplary damages award of up to $200,000.[10] Further, Plaintiff's Original Petition seeks additional damages not set forth in his demand letter, such as consequential damages and 18% penalty interest under Chapter 542 of the Texas Insurance Code. Such damage claims are to be included in calculating the amount in controversy.[11]

15. The threshold for diversity jurisdiction, $75,000, is therefore met by the causes of action and damage amounts claimed in Plaintiff's demand letter and Original Petition.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[8]  *See* **Exhibit A,** ¶ VIII at p. 6.

[9]  *Id.* (emphasis added)

[10] *See* Tex. Civ. Pract. & Rem. Code § 41.008(b).

[11] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

17. WHEREFORE, Defendant hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 11th day of May, 2016:

R. Kent Livesay                                                 *9414 7266 9904 2061 9251 29*
Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
rolando@livesayfirm.com

                                         */s/ Patrick M. Kemp*
                                         Patrick M. Kemp