# Exhibit A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 15117312
Date Processed: 05/05/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number 3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Jose Cedillo vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County District Court, Texas |
| **Case/Reference No:** | C-1329-16-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/05/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | R. Kent Livesay<br>956-686-5776 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

C-1329-16-A
92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Nationwide General Insurance Company
By Serving its Registered Agent: Corporation Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR RULE 194.2 DISCLOSURES** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 23rd day of March, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1329-16-A, **JOSE CEDILLO VS. NATIONWIDE GENERAL INSURANCE COMPANY**

Said Petition was filed in said court by R. KENT LIVESAY, 5319 S. MCCOLL ROAD EDINBURG, TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

C-1329-16-A
OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ..................$_____


_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-1329-16-A _____

| | | |
|---|---|---|
| JOSE CEDILLO<br>  Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |
| NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>  Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOSE CEDILLO, hereinafter referred to as ("PLAINTIFF"), and files his Original Petition against NATIONWIDE GENERAL INSURANCE COMPANY, (hereinafter referred to as "DEFENDANT") and for cause of action would respectfully show the Court the following:

## I.
## Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

## II.
## Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:

1

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

| Client | Address | Policy Number | Claim Number |
|---|---|---|---|
| Jose Cedillo | 122 Armstrong Donna, TX. 78537-2407 | 7842HO864489 | 7842HO8644890813 201401 |

DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY, is a Texas Corporation duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, Texas 78701-3218. Service may be perfected via Certified Mail Return Receipt Requested.

### III.
### Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because the policy at issue was issued and delivered in HIDALGO County, Texas, because the property insured is situated in HIDALGO County, Texas, because PLAINTIFF'S losses occurred in HIDALGO County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas. The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;

2. The taking or receiving of application for insurance, including PLAINTIFF'S applications for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any

2

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

insurance or any part thereof, including any such consideration or payments from PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFF; and

5.  The investigation and or adjustment of insurance claims within the state of Texas.

## IV.
## Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

## V.
## Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. DEFENDANT provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF, as listed above, owns a home in HIDALGO County and was insured an insurance policy insuring that home by DEFENDANT on or about August 13, 2014, the structures were subjected to covered damages. PLAINTIFF promptly reported his losses and was assigned the claim number as listed above.

During the term of said policy, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the

3

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

property. The damages were from the hailstorm, which devastated property in HIDALGO County, Texas. As a result of the covered events, PLAINTIFF'S property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFF'S home are covered damages under the insurance policy; however, DEFENDANT has failed to fully compensate PLAINTIFF for the damages to his home in accordance with their policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

## VI.
## Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, Section 541 and Business and Commerce Code Section 17.505(a). All of the conditions precedent to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANT failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and, representations.

There is no federal question nor any allegations giving rise to a federal

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

question.

## VII.
## Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT. PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT had no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with PLAINTIFF. The conduct of DEFENDANT has proximately caused damages to PLAINTIFF.

## VIII.
## DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages:

(a) DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas

5

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

Business & Commerce Code;

(b) DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of his insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF'S property.

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of DEFENDANT as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of its conduct, DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award under the DTPA for economic damages and all other available damages as a result of Defendant's conduct.

## IX.
## Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANT

6

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

failed to properly process claims and has misrepresented material facts to PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT concealed damage known by it to exist. DEFENDANT knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on his own but was forced to hire his attorneys when DEFENDANT failed to respond.

By its conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability became reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

7

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

(3) DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) DEFENDANT breached its duty of good faith and fair dealing at common law;

(5) DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542.003(b)(3); 28 TAC section 21.203(3));

(7) DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) DEFENDANT undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

   (a) DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

      (i) the terms of the policy; and/or

      (ii) the benefits or advantages promised by the policy.

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

(b) DEFENDANT made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));

(c) DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) DEFENDANT is refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFF.

## X.
### Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFF'S claim was presented to DEFENDANT, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim, DEFENDANT refused to accept the claim in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty,

9

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFF'S claim in good faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANT'S breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFF for which he sues.

## XI.
## Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of his claim to DEFENDANT and DEFENDANT engaged in unfair settlement claim practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANT'S investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF disputes the reliability of its investigative findings. DEFENDANT has failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b) Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

(c) Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which he sues.

## XII.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or compliance is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANT and furthermore would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that a similar insurance policy

11

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

was renewed uninterrupted for many years; and

6.   The adoption of any other construction constitutes conduct in violation of the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XIII.
## Damages

Due to the acts and omissions of the Defendant, more specifically set forth above, Plaintiff seeks to recover all actual and special damages, including but not limited to the following: past, present, and future costs of repair to PLAINTIFF'S home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring.  The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.  The Plaintiff is also entitled to recover the amount of PLAINTIFF'S claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Electronically Filed
3/23/2016 1:14:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1329-16-A

PLAINTIFF'S damages as described in this petition are within the jurisdictional limits of the Court.

## XIV.
## Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XVI.
## Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That DEFENDANT be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
rolando@livesaylawfirm.com

By: /s/ R. Kent Livesay
    R. Kent Livesay
    Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**

